Leonard A. BUCKLIN,
Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 2-69474.

Court of Appeals of Iowa.

Oct. 25, 1983.

Patrick R. Grady, Asst. Appellate Defender, Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for respondent-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

Petitioner appeals from the trial court's denial of his application for post-conviction relief under Iowa Code ch. 663A. He claims that his due process rights were violated when a prison disciplinary committee reduced the credit against his sentence without allowing him to question the polygraph operator whose report was used against him at the disciplinary hearing. He also claims that the committee was required to provide written reasons for the discipline inflicted. We affirm.

Petitioner, an inmate at the Iowa Men's Reformatory at Anamosa, was punished by a prison disciplinary committee for engaging in sex acts with another inmate and for lying to a prison employee about the incident. His punishment included loss of thirty-one days' credit on his sentence. He challenged his punishment by filing the present application for postconviction relief. The trial court denied relief, and he has appealed.

### I.

Petitioner first claims that he was denied due process when he was not allowed to question the polygraph operator who had previously determined that petitioner was not telling the truth when he denied the sexual misconduct allegations. This determination was the basis for the lying charge that was subsequently brought against petitioner who wanted to cross-examine the operator about the polygraph results. It is clear, however, that petitioner does not have a constitutional right to cross-examine witnesses in a prison disciplinary proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 567–69, 94 S.Ct. 2963, 2980–81, 41 L.Ed.2d 935, 957–58 (1974). The following language is found in *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 759 (Iowa 1979):

> Petitioner's claim that he was improperly denied cross-examination asks for more than *Wolff* gives him. He may question the evidence against him to the extent that he may personally respond to the contents of the report and produce evidence in support of his position. *Wolff* does not, however, give him a right to be confronted by opposing witnesses.

The decision to allow cross-examination of such witnesses is left to the sound discretion of the prison officials. *Wolff,* 418 U.S. at 569, 94 S.Ct. at 2981, 41 L.Ed.2d at 958. We find no abuse of that discretion in this case in refusing to allow the cross-examination. Petitioner was given every opportunity to call his own witnesses and present his own evidence. At that stage of the proceeding, *Wolff* requires nothing more.

Petitioner also contends that the refusal to allow cross-examination violated his procedural rights under Penitentiary Rule 804. That rule, however, is inapplicable since petitioner was an inmate at the reformatory at that time and not the penitentiary; each of these correctional institutions has its own set of disciplinary rules. *Fichtner,* 285 N.W.2d at 755.

## II.

Petitioner also claims his due process rights were violated by the disciplinary committee's failure to provide written reasons for choosing the particular punishment it did; i.e. loss of good time and solitary confinement. "An elaborate opinion is unnecessary, yet the committee had to state, at least briefly, the evidence relied on and the reasons for the discipline inflicted." *Fichtner,* 285 N.W.2d at 760. This rule does not require the committee to provide a justification for the precise punishment inflicted. Rather, it is only necessary to state why punishment is being inflicted at all; i.e. specific findings of fact indicating petitioner's guilt which in turn points to the need for discipline of some kind. *Thomas v. State,* 339 N.W.2d 166, 168 (Iowa 1983). These requirements were satisfied in this case.

We find no merit in any of petitioner's contentions and therefore affirm the denial of his application for postconviction relief.

AFFIRMED.